UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JAMES EDWARD MCCORMACK III, | § § § | |
| *Plaintiff,* | § § § | Case No. 6:25-cv-01100-DCJ-CBW |
| v. | § § | |
| EXXONMOBIL OIL CORPORATION | § § | JUDGE DAVID C. JOSEPH |
| *Defendant.* | § § | MAGISTRATE JUDGE CAROL B. WHITEHURST |

**DEFENDANT EXXONMOBIL OIL CORPORATION'S MEMORANDUM IN SUPPORT OF AMENDED MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: */s/ A. Kristi Soppet*
A. Kristi Soppet
Louisiana Bar No. 38463
Kristi.Soppet@hklaw.com
Holland & Knight LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 821-7000
Facsimile: (713) 821-7001

Cory Eichhorn (*Pro Hac Vice Forthcoming*)
Florida Bar No. 576761
cory.eichhorn@hklaw.com
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500

*Counsel for Defendant*
*ExxonMobil Oil Corporation*

**Table of Contents**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ..........................................................................................................2

ARGUMENT .................................................................................................................................3

I.     LEGAL STANDARD........................................................................................................3

II.    THIS ACTION COULD HAVE ORIGINALLY BEEN BROUGHT IN THE SOUTHERN DISTRICT OF TEXAS .................................................................................4

III.   THE SOUTHERN DISTRICT OF TEXAS IS A MORE CONVENIENT VENUE FOR ADJUDICATION OF THIS ACTION ...................................................................5

    A.     THE PRIVATE INTEREST FACTORS WEIGH IN FAVOR OF TRANSFER ................................5

        1.     Relative Ease of Access of Proof. ...................................................................5

        2.     The Availability of Compulsory Process to Secure the Attendance of Witnesses. .....6

        3.     The Cost of Attendance for Willing Witnesses. ............................................6

        4.     All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive. ..........................................................................7

    B.     THE PUBLIC INTEREST FACTORS LIKEWISE WEIGH IN FAVOR OF TRANSFER ....................8

        1.     The Administrative Difficulties Flowing From Court Congestion. ..............8

        2.     The Local Interest in Having Localized Interests Decided at Home. ..........8

        3.     Familiarity with the Forum and Application of the Law That Will Govern the Case ...................................................................................................9

        4.     The Avoidance of Unnecessary Problems of Conflicts of Laws or Application of Foreign Law ..........................................................................9

    C.     ADDITIONAL FACTORS WEIGHING IN FAVOR OF TRANSFER ..........................................10

CONCLUSION ............................................................................................................................11

# Table of Authorities

**Cases**

*Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337 (5th Cir. 2004) .............................. 4

*BMTP, LLC v. RBH, Inc.*, Case no. 18-352-SDD-RLB, 2019 WL 407409 (M.D. La. Jan. 31, 2019) ................................................................................................................................... 6

*Connors v. R&S Parts & Servs., Inc.*, 248 F.Supp. 2d 394 (E.D. Pa. 2003) .............................. 10

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ............................................................................ 5

*Gibbs v. Stinson*, 421 F.Supp. 3d 367 (E.D. Va. 2019) ............................................................. 10

*Goldstein v. RadioShack Corp.*, No. 6:06-CV-285, 2007 WL 1342533 (E.D. Tex. May 1, 2007) ................................................................................................................................... 9

*Gonzalez v. Homefix Custom Remodeling, Corp.*, 670 F. Supp. 3d 337 (E.D. Va. 2023) ............ 10

*Gould v. National Life Ins. Co.*, 990 F. Supp. 1354 (M.D. Ala. 1998) ........................................ 9

*Gulden v. Exxon Mobil Corp., Case No. 24-cv-7381(MAS)(TJB)*, 2025 WL 1549313, *9 (May 30, 2025 D.N.J.) ...................................................................................................................... 7

*Hillestad v. LLOG Expl. Co., LLC*, No. 3:17-cv-341, 2018 WL 4938708 (S.D. Tex. Sept. 20, 2018) ................................................................................................................................... 8

*In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) ............................................................. 4, 5

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) ............................................ 3, 4, 7, 8

*In re Volkswagen of Am., Inc.*, 566 F.3d 1349 (Fed. Cir. 2009) ................................................. 7

*Koster v. Lumbermens Mut. Cas. Co.*, 330 U. S. 518 (1947) ..................................................... 9

*Newman v. Dorect Energy*, L.P., Civil Case No. SAG-21-02446, 2023 WL 2914788 (D. Md. April 12, 2023) ................................................................................................................. 11

*Pierucci v. Homes.com, Inc.*, No. 20-8048, 2020 WL 5439534 (D. Ariz. Sept. 10, 2020) .......... 10

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ...................................................................... 5

*Shelton v. Freedom Forever, Inc.*, Case No. 24-4333, 2025 WL 693249 (E.D. Pa. March 4, 2025) ................................................................................................................................. 10

*Tactacell, LLC v. Deer Mgmt. Sys., LLC*, 620 F. Supp. 3d 524 (W.D. La. 2022) ..................... 3, 4

*Wells Fargo Bank, N. A. v. Bank of America, N. A.*, No. 3:10-CV-1825-L, 2010 WL 45287538 (N. D. Tex. Dec. 23, 2010) ................................................................................................ 6, 8

*Z-Tel Commc'ns., Inc. v. SBC Commc'ns., Inc.*, 331 F. Supp. 2d 567 (E.D. Tex. 2004) .............. 7

**Statutes**

28 U.S.C. § 1391 ........................................................................................................................ 4

28 U.S.C. § 1404 ............................................................................................................... 1, 3, 5

47 U.S.C. § 227 .......................................................................................................................... 3

### DEFENDANT EXXONMOBIL OIL CORPORATION'S MEMORANDUM IN SUPPORT OF AMENDED MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

Defendant, ExxonMobil Oil Corporation ("ExxonMobil" or "Defendant"), through its undersigned counsel and pursuant to 28 U.S.C. § 1404 (a), hereby files this Memorandum in Support of its Amended Motion to Transfer Venue[1] to the United States District Court for the Southern District of Texas.

### PRELIMINARY STATEMENT

Plaintiff James Edward McCormack III ("Plaintiff"), purports to bring a nation-wide class action under the Telephone Consumer Protection Act ("TCPA") against ExxonMobil for two text messages he allegedly received from the ExxonMobil+ Rewards Loyalty Program ("ExxonMobil Rewards+").

Well-settled case law within the Fifth Circuit warrants the transfer of this case to the Southern District of Texas because: (i) the relative ease of access to sources of proof favors transfer as a majority of the documents and evidence regarding ExxonMobil's text messaging, including policies and procedures relative to any such text messaging, are located in the Southern District of Texas, (ii) the cost of willing witnesses factor favors transfer because the Southern District of Texas is more convenient for relevant witnesses, including ExxonMobil employees involved in implementing any text messaging policies and procedures, (iii) the local interest in having this action decided at home favors transfer as ExxonMobil is headquartered in the Southern District of Texas, no known party or non-party witness other than Plaintiff lives in the Western District of Louisiana, and no known source of proof other than Plaintiff's cellphone is located in the Western

---

[1] Defendant files this Motion to Transfer on the date the response to the Complaint is due, but reserves the right to move to dismiss or otherwise respond to the merits of the Complaint once the Motion to Transfer is ruled upon.

1

District of Louisiana. And while Plaintiff's chosen forum may be a limited factor weighing against transfer in an individual action, that factor carries little weight where, as here, the case is styled as a putative nation-wide class action, where class members may be found all over the country. *See* Section III, *infra*.

Moreover, the vast majority of putative class members in this action, as ExxonMobil Rewards+ members, will be subject to the ExxonMobil Rewards+ Terms and Conditions, which include a mandatory arbitration clause. In the event that such arbitration clause does not apply, the Terms and Conditions require suit to be filed by AARP members who are ExxonMobil Rewards+ members in "the federal and state courts in Harris County, Texas." https://www.exxon.com/en/terms-conditions. *See* Section 18, *infra*.[2]

Finally, it remains uncertain whether this Court would have jurisdiction of non-Louisiana putative class members where ExxonMobil is not based. To that end, transferring this matter to the Southern District of Texas would potentially ensure personal jurisdiction over ExxonMobil as to all putative class members. *See id*.

Based on these reasons, more fully set forth below, ExxonMobil has clearly demonstrated that transfer to the Southern District of Texas is proper for the convenience of the parties and witnesses and in the interest of justice.

## STATEMENT OF FACTS

Plaintiff filed a Class Action Complaint in the Western District of Louisiana on July 31, 2025. Plaintiff alleges, inter alia, that he received two unsolicited text messages from ExxonMobil on April 3, 2025 and July 17, 2025, despite allegedly placing his number on the National Do Not

---

[2] Additionally, even for those non-AARP members, if there is a dispute as to the validity, enforceability, or scope of the arbitration provision, ExxonMobil Rewards+ Terms and Conditions require "the sole and exclusive jurisdiction and venue…shall be in the federal or state courts located in Harris County, Texas." *See* Section 19, infra.

Call Registry on or about January 3, 2025. The Complaint alleges one count for violation of the TCPA, 47 U.S.C. § 227(c), on behalf of the following purported nationwide class:

> All persons throughout the United States (1) who did not provide their telephone number to Defendant (2) to whom Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty (30) days before ExxonMobil delivered or directed to be delivered, at least two of the voice messages or text messages within the 12- month period, (4) within four-years proceeding the date of this complaint and through the date of class certification.

ExxonMobil's text messaging is directed to ExxonMobil Rewards+ members who have opted-in to receive marketing text messages through an ExxonMobil Rewards+ account. *See* Declaration of Joseph Korbek, U.S. Consumer Marketing Manager for ExxonMobil, attached as Exhibit A (hereinafter, "Korbek Decl."). ExxonMobil Rewards+ is governed by certain Terms and Conditions. The applicable Terms and Conditions contain an arbitration clause and class waiver and are governed by the laws of the state of Texas. *See id*, Ex. 1. In the event the arbitration clause does not apply, the Terms and Conditions include consent by AARP members who are Exxon Mobil Rewards+ members to "the federal and state courts in Harris County, Texas," located in the Southern District of Texas.  *Id*. at ¶ 9.

## ARGUMENT

### I.   Legal Standard

"A district court may transfer any civil action to any other district where the case might have been brought, if transfer serves 'the convenience of parties and witnesses, [and is] in the interest of justice.'" *Tactacell, LLC v. Deer Mgmt. Sys., LLC*, 620 F. Supp. 3d 524, 531 (W.D. La. 2022) (quoting 28 U.S.C. § 1404(a)). The party moving to transfer venue must show "good cause." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). "The preliminary question in a transfer of venue motion is whether the suit could have been originally filed in the venue proposed

3

by the mover." *Tactacell*, 620 F. Supp. 3d at 531. If the action could have been brought in the transferee venue, a court "must next assess the 'convenience' of maintaining the suit in the venue where it was actually filed." *Id*. In exercising its discretion to transfer venue, a district court must consider various public and private interest factors. *Id*. "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re Volkswagen of Am*., 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id*. (quoting *In re Volkswagen AG*, 371 F.3d at 203). These factors are "not necessarily exhaustive or exclusive," and no single factor is dispositive. *Id*. "When the movant demonstrates that the transferee venue is clearly more convenient . . . it has shown good cause and the district court should therefore grant the transfer." *Id.* These factors are not necessarily exhaustive or exclusive and "'none . . . can be said to be of dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

II. **This Action Could Have Originally Been Brought in the Southern District of Texas**

Plaintiff cannot dispute that this action could have been brought in the Southern District of Texas. Under 28 U.S.C. § 1391(b)(1), "[a] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." A business entity is "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Here, as Plaintiff alleges in his Complaint, ExxonMobil maintains its

4

principal place of business in Spring, Texas, located in the Southern District of Texas. (Compl. ¶ 7, ECF No. 1.) Texas, therefore, has general personal jurisdiction over ExxonMobil and venue is proper in the Southern District of Texas. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.") (cleaned up).

### III. The Southern District of Texas Is a More Convenient Venue for Adjudication of This Action

The Court must next consider whether a transfer would be in the interests of justice. *See* 28 U.S.C. § 1404(a). A defendant needs to show only that the balance of a number of private and public interest factors favor transfer to a more convenient forum.

#### A. The Private Interest Factors Weigh in Favor of Transfer

Private interest factors, which involve the preferences and conveniences of the parties and witnesses, include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *See In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

##### 1. *Relative Ease of Access of Proof.*

ExxonMobil Rewards+, and its relevant policies and procedures, were developed and implemented at ExxonMobil's headquarters in Spring, Texas. ExxonMobil's corporate decisions are made by employees working in its Spring, Texas corporate offices. *See* Korbek Decl. at ¶¶ 4-5. Defendant does not have knowledge of any corporate employees working in Louisiana with knowledge related to the claims asserted in the Complaint. *Id.* at ¶ 10. Therefore, the documents and records, key employees, and witnesses related to the text message campaigns at issue in this

action and the relative ease of access to sources of proof that ExxonMobil intends to rely on favor transfer to the Southern District of Texas. To the best of ExxonMobil's knowledge, there is no evidence relevant to this case located or maintained in or near the Western District of Louisiana, with the exception of Plaintiff's alleged receipt of text messages as set forth in the Complaint. *Id*.; *see also Wells Fargo Bank, N. A. v. Bank of America, N. A.*, No. 3:10-CV-1825-L, 2010 WL 45287538 at *2-3 (N. D. Tex. Dec. 23, 2010) (because the record is "clear that the majority of documentary proof and the persons involved reside in or around New York, Connecticut, and North Carolina," these locations "significantly closer in proximity to New York than Texas"; the court determines "first private interest factor weighs in favor of transfer").

    2. *The Availability of Compulsory Process to Secure the Attendance of Witnesses.*

The non-party witnesses and the availability of compulsory process to secure the attendance of such witnesses also weighs in favor of transfer. ExxonMobil Rewards+ was implemented in Texas. *See* Korbek Decl. at ¶¶ 5, 10. Therefore, ExxonMobil conceivably may rely on former employees and third-party witnesses, located in the Southern District of Texas or elsewhere, who would not otherwise be within the subpoena power of the Western District of Louisiana.

    3. *The Cost of Attendance for Willing Witnesses.*

A majority of witnesses that ExxonMobil reasonably believes have knowledge related to this action, other than Plaintiff, are located in Texas. *See* Korek Decl. at ¶ 10. ExxonMobil would be inconvenienced by the need for its employees and witnesses to defend a case out of state, tipping this private interest factor in favor of ExxonMobil as the cost of attendance for willing witnesses will be a significant burden on ExxonMobil, including costs for, among other things, travel time, meal and lodging expenses. *See BMTP, LLC v. RBH, Inc.*, Case no. 18-352-SDD-RLB, 2019 WL

6

407409, *5 (M.D. La. Jan. 31, 2019) (determining that "the convenience of Plaintiff's witnesses to the [transferor district] is simply not sufficiently significant to weigh against transfer when compared to the witnesses, documents, and evidence located in [the transferor state] and the fact potential witnesses could be found all over the country"). Finally, while this case is in its early stages, ExxonMobil does not believe any witnesses that it will rely on to defend against Plaintiff's claim are located within 100 miles of Lafayette, Louisiana. *See* Korbek Decl. at ¶ 11; *see also In re Volkswagen of Am.*, 545 F.3d at 317 (adopting 100 mile rule and noting that the factor of "inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."). [3]

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive.

Practical problems include those that are rationally based on judicial economy. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *Id*. at 1351. This factor is neutral given that ExxonMobil is not aware of duplicative or overlapping suits. Given, however, that the key employees, documents, and witnesses are based in Texas, any logistical problems and costs would be greatly reduced in the Southern District of Texas. *See Z-Tel Commc'ns., Inc. v. SBC Commc'ns., Inc.*, 331 F. Supp. 2d 567, 575 (E.D. Tex. 2004) ("One of the seminal teachings of *Volkswagen* is that district courts must conduct their venue transfer analyses while always bearing in mind the real economic

---

[3] In *Gulden v. Exxon Mobil Corp.*, Case No. 24-cv-7381(MAS)(TJB), 2025 WL 1549313, *9 (May 30, 2025 D.N.J.), a New Jersey district court recently transferred a whistleblower action filed against ExxonMobil to the Southern District of Texas based on the interests of justice and in particular the unavailability of ExxonMobil witnesses located in Texas.

7

burden placed on non-resident defendants."). In addition, ExxonMobil has moved expeditiously to move to transfer this case early on in this litigation.

**B.     The Public Interest Factors Likewise Weigh in Favor of Transfer**

The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *In re Volkswagen of Am., Inc.*, 545 F.3d at 315.

*1.     The Administrative Difficulties Flowing From Court Congestion.*

This factor considers "not whether transfer will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Hillestad v. LLOG Expl. Co., LLC*, No. 3:17-cv-341, 2018 WL 4938708, at *7 (S.D. Tex. Sept. 20, 2018) (cleaned up), R. & R. adopted, 2018 WL 4931783 (S.D. Tex. Oct. 11, 2018). For the twelve-month period ending in December 2024, the median time for trial in the Southern District of Texas was approximately 8 months shorter than the Western District of Louisiana despite the higher case load. Further, from filing to disposition the Southern District of Texas averaged 5.4 months, while the Western District of Louisiana averaged 18.9 months. Given that the Southern District of Texas disposes of civil cases faster than the Western District of Louisiana, this factor weighs in favor of transfer.

*2.     The Local Interest in Having Localized Interests Decided at Home.*

As the jurisdiction involving the vast majority of the identified witnesses, evidence, and events leading to the filing of this action, ExxonMobil has a localized interest in having this action decided at home in the Southern District of Texas. *See Wells Fargo Bank, N. A.,* 2010 WL 5287538 at *4 (public interest may be found when "an entity's principal place of business is located within that district," in this case Texas).

8

Less weight is given to plaintiff's choice of forum when the case is a class action. *Goldstein v. RadioShack Corp.*, No. 6:06-CV-285, 2007 WL 1342533 at *2 (E.D. Tex. May 1, 2007); *see Gould v. National Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998) (noting deference to plaintiff's choice of forum lessened when action brought on "behalf of a class of persons similarly situated" and quoting the Supreme Court in *Koster v. Lumbermens Mut. Cas. Co.*, 330 U. S. 518, 524 (1947), as follows: "[W]here there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.").

      3.    *Familiarity with the Forum and Application of the Law That Will Govern the Case*

ExxonMobil anticipates that the applicability of the ExxonMobil Rewards+ Terms and Conditions will be a key issue concerning Plaintiff and the class he seeks to represent. The ExxonMobil Rewards+ Terms and Conditions contain an arbitration clause and class waiver and are governed by the laws of the state of Texas. In the event the arbitration is deemed unenforceable, the ExxonMobil Rewards+ Terms and Conditions include consent by AARP members who are also ExxonMobil Rewards+ members to the exclusive jurisdiction of the federal and state courts in the Texas, favoring transfer of venue in this action. Given that the cause of action Plaintiff purports to bring is governed by federal law, it serves as a neutral factor in determining the appropriate venue.

      4.    *The Avoidance of Unnecessary Problems of Conflicts of Laws or Application of Foreign Law*

Similar to the argument above, the issue as to the enforceability of the arbitration agreement is likely. The ExxonMobil Rewards+ Terms and Conditions, except for the application of the Federal Arbitration Act and federal arbitration law, are governed by the laws of the state of Texas

9

without regard to conflict of laws rules. As to the particular cause of action in this case, there is no conflict of law issue in this case because federal law, specifically the TCPA, governs the action. This factor remains neutral in determining the appropriate venue for the trial.

### C. Additional Factors Weighing in Favor of Transfer

A number of federal district courts have recently transferred TCPA class actions similar to the one filed here to the district where a defendant is headquartered. In *Shelton v. Freedom Forever, Inc.*, Case No. 24-4333, 2025 WL 693249 (E.D. Pa. March 4, 2025), a District Court sitting in the Eastern District of Pennsylvania recently granted a defendant's motion to transfer venue in a TCPA class action to the District in which defendant maintained its principal place of business. In so doing, the court noted that "named plaintiffs in a TCPA class action receive even less deference because such actions are 'normally attorney driven and require limited participation from the named plaintiff for their individual claims or as class representative.'" *Id*. at *2 (quoting *Pierucci v. Homes.com, Inc*., No. 20-8048, 2020 WL 5439534, at *5 (D. Ariz. Sept. 10, 2020)). While analyzing the motion to transfer under Third Circuit precedent, the factors the court consider in *Shelton* were largely similar to those identified by the Fifth Circuit. In sum, the court determined that "all relevant things considered, the case would be better off transferred to" the Central District of California. *Id*. at *5 (quoting *Connors v. R&S Parts & Servs., Inc.*, 248 F.Supp. 2d 394, 396 (E.D. Pa. 2003)); s*ee also Gonzalez v. Homefix Custom Remodeling, Corp*., 670 F. Supp. 3d 337, 347-48 (E.D. Va. 2023) (granting motion to transfer under § 1404(a) of class action claim under Virginia state law equivalent of TCPA to defendant's home district because the 'interest of justice' factor "weighs firmly in favor of transfer, making this a case where 'the interest of justice trumps the other factors, even whey they suggest a different outcome.'") (quoting *Gibbs v. Stinson*, 421 F.Supp. 3d 367, 288 (E.D. Va. 2019). That same result should apply here, and this case should be transferred to the Southern District of Texas.

10

*Newman v. Dorect Energy*, L.P., Civil Case No. SAG-21-02446, 2023 WL 2914788 (D. Md. April 12, 2023) is likewise instructive. In *Newman*, a purported TCPA class action, the district court granted the defendant's motion to transfer venue in part on the basis that plaintiff's chosen forum is accorded "little weight" in a class action. *Id*. at *3. As in *Shelton*, the district court in *Newman* also recognized that "TCPA class actions present even less reason to credit a plaintiff's chosen forum . . . ." *Id.* Ultimately, the district court granted the motion to transfer venue to the defendant's home district (the Southern District of Texas) because the court's ability [in the District of Maryland] to exercise personal jurisdiction over claims against [defendant] by unnamed, non-Maryland based class members was uncertain. To that end, the district court found that "the one venue to ensure personal jurisdiction over Direct Energy as to all of the prospective class members is Direct Energy's home district – the Southern District of Texas." *Id*. at *4. These same concerns would apply here. In addition to all of the other reasons why this matter should be transferred to the Southern District of Texas, the question of jurisdiction over unnamed class members weighs in favor of transfer.

## **CONCLUSION**

Here, five out of eight public and private interest factors weigh in favor of transfer, three are neutral, and none weigh in favor of denying transfer. Moreover, additional factors weigh in favor of transfer as referenced above. On balance, the convenience of the parties and witnesses as well as the interests of justice weigh in favor of transfer.

WHEREFORE, Defendant ExxonMobil Oil Corporation respectfully requests that the Court enter an Order transferring this action to the United States District Court for the Southern District of Texas, a forum which will serve the interests of justice and be more convenient for the parties and witnesses.

Dated: October 21, 2025.                          Respectfully submitted,

11

By: */s/ A. Kristi Soppet*
A. Kristi Soppet, Attorney-in-Charge
Louisiana Bar No. 38463
Kristi.Soppet@hklaw.com
Holland & Knight LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 821-7000
Facsimile: (713) 821-7001

Cory Eichhorn (*Pro Hac Vice Forthcoming*)
Florida Bar No. 576761
cory.eichhorn@hklaw.com
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500

*Counsel for Defendant*
*ExxonMobil Oil Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of October 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ A. Kristi Soppet*
A. Kristi Soppet
